*335 The opinion of the Court was drawn up by
Davis, J.
It is objected, in this case, that one of the justices, before whom the debtor made his disclosure, was not " disinterestedand that they therefore had no jurisdiction.
It appears from the deposition of Trueworthy, that Lam-son applied to him for a citation; that he made it, and procured it to be served; that he advised him in regard to the mode of proceeding; and that he employed and paid counsel for him to attend to the disclosure. It is evident that the relations between them were such that he ought not to have acted as one of the magistrates; and a proper self-respect would have deterred him from it.
But he was not related to the debtor, by blood or marriage ; nor had he any pecuniary interest in the matter to be determined. The repayment of the money advanced by him did not depend on the result. He had been the friend and legal adviser of the debtor, in the matter; and he may be presumed, whether conscious of it or not, to have been subject to the usual influences of that relation. If we had the power, as in jury trials, to send the ease to another hearing, we should not hesitate to do so. But we have no such discretion. The question is simply one of legal jurisdiction. And however improper it was for him to sit as one of the justices in faking the disclosure, we cannot say that he had any such interest as to deprive him of jurisdiction, and render his official acts void. Cottle’s case, 5 Pick., 483.

Exceptions overruled.

Appleton, C. J., Rice, Cutting, Kent and Walton, JJ., concurred.